**BELL GARDENS BICYCLE CASINO, a California Joint Venture, Plaintiff—Appellant,**

v.

**GREAT AMERICAN INSURANCE COMPANY, Defendant— Appellee,**

and

**Bank of America Corporation, Defendant.**

No. 03–55845.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2005.

Decided March 4, 2005.

Steven C. Shuman, Esq., Engstrom, Lipscomb & Lack, Los Angeles, CA, for Plaintiff–Appellant.

David S. Ettinger, Esq., Karen M. Braya, Esq., Jason R. Litt, Esq., Horvitz & Levy, Encino, CA, for Defendant–Appellee.

---

* The Honorable Frank J. Magill, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

Before: GOODWIN, MAGILL,* and RYMER, Circuit Judges.

### MEMORANDUM **

Plaintiff–Appellant Bell Gardens Bicycle Casino ("the Casino") appeals the district court's order granting Great American Insurance Company's ("Great American") motion for summary judgment and denying the Casino's cross-motion for summary judgment on the Casino's claims for breach of an insurance contract, promissory fraud, and bad faith. We review *de novo* the district court's decision to grant summary judgment, *Palmer v. Pioneer Inn Assocs., Ltd.*, 338 F.3d 981, 984 (9th Cir.2003), and we affirm.

■ The Casino argues that Great American breached its crime insurance policy by denying coverage under the forgery and theft provisions. The forgery provision provides coverage for loss caused by "forgery or alteration" of a covered instrument that is drawn upon the Casino. The term "forgery" is not defined in the policy, so we interpret the word in its "ordinary and popular sense." Cal. Civil Code § 1644; *Bank of the W. v. Superior Ct.*, 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 833 P.2d 545, 551–52 (1992). "Forgery" is commonly understood to mean "[a] false or altered document made to look genuine by someone with the intent to deceive." *Black's Law Dictionary* 661 (7th ed.1999). Artur Karapetyan's withdrawal receipts, though created to defraud the Casino, were not forged: he signed genuine withdrawal receipts that were not altered in any way.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The theft provision covers loss "resulting directly from" theft, but it excludes coverage for loss "resulting from you, or anyone acting on your express or implied authority, being induced by any dishonest act to voluntarily part with" property. "Induced" is not defined in the policy, but it means "to lead or move by persuasion or influence"; "to bring about, produce, cause." *Random House Webster's Unabridged Dictionary* 975 (2d ed.1997). The Casino's decision to voluntarily part with its chips was "induced" or "brought about" by two things: Karapetyan's dishonest act and Bank of America's statement that the check had cleared. Coverage is thus excluded under the policy because the Casino was "induced by [a] dishonest act to voluntarily part with ... [its] property." *See* Cal. Ins.Code § 532 ("If a peril is specially excepted in a contract of insurance and there is a loss which would not have occurred but for such peril, such loss is thereby excepted even though the immediate cause of the loss was a peril which was not excepted."). The district court properly granted summary judgment to Great American on the Casino's breach of contract claim because no policy benefits were due under the forgery or theft provisions.

■ The Casino also argues that its broker's use of a renewal summary amounts to promissory fraud. The elements of promissory fraud are: "(1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., induce reliance; (4) justifiable reliance; and (5) resulting damage." *Hohe v. San Diego Unified Sch. Dist.*, 224 Cal.App.3d 1559, 274 Cal.Rptr. 647, 650 (Ct.App.1990). The Casino has not produced any evidence to show that Great American intended to induce reliance on the renewal summary. To the contrary, each page of the summary clearly stated that the summary was not meant to replace the policy, showing that Great American intended for the Casino to rely only on the policy itself. Additionally, the Casino's reliance on the summary was unjustifiable as a matter of law. *See Hackethal v. Nat'l Cas. Co.*, 189 Cal.App.3d 1102, 234 Cal.Rptr. 853, 858 (Ct.App.1987) (reliance on statements in a brochure that summarize a policy and an agent's statements contradicting the policy language is, as a matter of law, not justified). The district court properly granted summary judgment to Great American on the Casino's promissory fraud claim.

■ Finally, the district court properly granted summary judgment to Great American on the Casino's claim for breach of the implied covenant of good faith and fair dealing because an action for bad faith may not be maintained where no policy benefits are due. *Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 639 (1995); *Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1136, 271 Cal. Rptr. 246, 255 (1990).

AFFIRMED.